IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOAN M. COCO, as Administrator of the Estate of ANTHONY S. COCO<br>    Plaintiff,<br>v.<br><br>YALE NEW HAVEN HEALTH SERVICES CORPORATION, et al<br>    Defendants.<br>_____ | CASE NO.:<br>3:18-cv-00618 (AWT)<br><br><br><br>July 25, 2019 |

**REDACTED MOTION FOR COURT APPROVAL OF SETTLEMENT**

    The plaintiff moves for an order of this Court approving a proposed settlement of this matter reached by all parties. All parties have consented to the filing of this motion for court approval. In support of said motion the undersigned states the following:

1. This is a wrongful death action brought by Joan Coco, the administrator of the estate of her late husband, Anthony S. Coco, a resident of New York.

2. This action is based upon allegations of negligence on the part of agents of defendant Yale-New Haven Health Services Corporation and/or the defendant, United States of America (Veterans Administration) which resulted in a large volume of air bubbles entering plaintiff's decedent's heart during a February 4, 2016 aortic valve replacement and coronary artery bypass grafting at the West Haven Campus of the Veterans Administration Connecticut Healthcare System. This ultimately resulted in plaintiff's decedent's death on February 7, 2016.

3. At the time of his death plaintiff's decedent was 81 years of age, with significant heart problems. He was not employed. It is alleged that the air bubbles that entered plaintiff's

1

decedent's heart caused acute bilateral ischemic strokes which involved the cerebral hemisphere and parts of the cerebellum.  Post-operatively, plaintiff's decedent never regained consciousness and was on life-support until his death on February 7th.  There was no evidence of any conscious pain and suffering.

4. The parties agreed to mediate this case on July 8, 2019.

5. The mediation resulted in an agreement among the parties to resolve this matter as follows: The defendant United States has agreed to pay a gross settlement to the Estate in the amount of $400,000. [Exhibit A] The defendant Yale-New Haven Health Services Corporation has agreed to a confidential gross settlement in the amount of [Redacted]. [Exhibit B]

6. The major liability issues were whether what occurred during the surgery was a recognized risk of the procedure the cause(s) of the plaintiff's decedent's neurological injury and the relative culpabilities of the two defendants.  The major damages issue was the age and physical condition of the decedent immediately prior to his death.

7. The Estate is pending in the Surrogate's Court for Fulton County, New York.

8. New York State Estates, Powers and Trusts Law Section 5-4.6 [Exhibit C] provides that in wrongful death cases, the Court has the authority to "approve in writing a compromise for such amount as it shall determine to be adequate including approval of attorneys fees and other payable expenses…" and that the gross settlement proceeds shall be paid to the attorney for the administrator, to be placed in an interest bearing escrow account, out of which attorneys fees and disbursements approved by the trial court shall be immediately payable.

9. Based upon the terms of the retainer agreement [Exhibit D] signed by the plaintiff, the portion of the attorneys fee attributable to the settlement with the United States (VA) is 25%, (as provided by the Federal Torts Claim Act) or $100,000.  The portion of the attorneys fee attributable to the confidential settlement with Yale-New Haven Hospital is one-third or [Redacted].

10. The fee agreement also provided for the plaintiff to reimburse her attorneys for expenses or disbursements made on behalf of the estate in prosecuting this claim.  Disbursements in the amount of $18,817.96 were necessarily incurred. [Exhibit E] Without such expenditures, this action could not have been properly investigated, evaluated, prepared and brought to the point where this settlement became a reality.  Counsel retained a nurse consultant to review the medical records of the February 4, 2016 surgery, to research the relevant standards of care concerning cardio-thoracic surgeons and perfusionists and to obtain and confer with medical experts who would be willing to review the medical records and provide the Good Faith Certificates as required by Connecticut General Statutes 52-190a (This matter was originally brought in Superior Court, Judicial District of New Haven, Connecticut).  In addition to extensive written discovery counsel deposed five individuals who were involved in the February 4, 2016 surgery; two clinical engineers, the cardio-thoracic surgeon, the perfusionist and a registered nurse.  In order to properly conduct these depositions, it was necessary for counsel to spend many hours familiarizing himself with all aspects of cardiopulmonary bypass — from the perspective of both the surgeon and the perfusionist.  Likewise, preparation of the mediation package required the involvement of counsel, a malpractice

paralegal and the nurse consultant, numerous discussions, hours of research and writing and re-writing.

**WHEREFORE,** the plaintiff moves that the Court grant an order as follows:

1. Approve and authorize the settlement of this matter for $400,000 against the United States;
2. Approve and authorize the settlement of this matter against Yale-New Haven Health Services Corporation for [Redacted];
3. Allocate the entire settlement to the wrongful death cause of action;
4. Approve and authorize a fee of $100,000 as to the portion of the settlement to be paid by the United States;
5. Approve and authorize a fee of [Redacted] as to the portion of the settlement to be paid by Yale-New Haven Services Corporation;
6. Approve and authorize total disbursements in the amount of $18,817.96 to the law firm of Jacobs & Jacobs, LLC; and
7. Refer the matter to the Fulton County Surrogate's Court where the estate is pending for allocation of the settlement proceeds to the decedent's distributees.

Respectfully submitted,

PLAINTIFF
JOAN M. COCO, Administrator


By: _____*/s/ Bruce D. Jacobs*_____
                Bruce D. Jacobs
                Federal Bar No. ct12191
                Jacobs & Jacobs, LLC
                700 State Street; 3rd Floor
                New Haven, CT 06511
                Ph:  203-777-2300
                Fax: 203-773-8075
                bjacobs@jacobs-jacobs.com

Date:   July 25, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2019, a copy of the foregoing document was filed electronically and served by mail upon anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.



/s/ Bruce D. Jacobs, Esquire

Attorney Natalie N. Elicker
Assistant United States Attorney
157 Church Street
New Haven, Connecticut 06510
Natalie.Elicker@usdoj.gov


Michael D. Neubert, Esquire
Attorney Gretchen G. Randall
Neubert, Pepe & Monteith, P.C.
195 Church Street
13th Floor
New Haven, Connecticut 06510
mneubert@npmlaw.com
grandall@npmlaw.com