EXHIBIT B

## RELEASE

TO ALL WHOM THESE PRESENTS MAY COME TO OR MAY CONCERN, KNOW THAT I, **Joan M. Coco, as Administrator of the Estate of Anthony S. Coco** ("Releasor"), for and in consideration of the total sum of ‹_____ ; lawful money of the United States of America to us in hand paid by **Yale New Haven Health Services Corporation and Mark R. Sparapani**, have remised, released and forever discharged, and by these presents do for myself, and my heirs, executors, successors, administrators and assigns, hereby remise, release and forever discharge **Yale New Haven Health Services Corporation and Mark R. Sparapani**, and their trustees, agents, employees, servants, their medical and professional staffs, parents, subdivisions, subsidiaries, affiliated or related entities, officers, directors, insurers, the successors or assigns of each of them, and their heirs, executors and administrators (hereinafter collectively "Releasees"), of and from all actions, causes of actions, suits, debts, dues, sums of money, accounts, covenants, agreements, promises, controversies, damages, claims and demands whatsoever, which the Releasor has ever had, now has or hereafter may have because of any act or omission on the part of any Releasees occurring at any time prior to the execution of this Release, including, without limiting the generality of the foregoing, the release and discharge of any and all claims made in the civil action pending in the United States District Court, District of Connecticut and bearing Docket No. 3:18-cv-00618-AWT.

Releasor agrees that a check in the total agreed upon sum shall be paid to **Releasor, Joan M. Coco, as Administrator of the Estate of Anthony S. Coco and Jacobs & Jacobs, LLC**, and shall be delivered within thirty (30) days of receipt of all required settlement documents, including without limitation an executed release from the Releasor in the form provided by the Releasees and all required lien information.

Releasor agrees that the terms and conditions of this settlement and all matters pertaining thereto are confidential in nature and, therefore, agree not to reveal or publicize, nor authorize or encourage the revealing or publication by others of this information, except as required to obtain probate court approval of the settlement or as required by law.

It is further understood that as a condition of settlement, it is Releasor's responsibility to resolve all outstanding liens, including, but not limited to, any and all Medicare/Medicaid liens, state or federal agency liens and any liens of any healthcare provider and insurer, and any and all Workers' Compensation liens. Releasor agrees that if CMS or any other entity requests reimbursement of any conditional payments or medical expenses, or any additional claims are later asserted by Medicare or any other entity subsequent to the date of this settlement, it will be Releasor's responsibility to satisfy said claims and Releasor and its attorneys waive any potential cause of action against Releasees with respect to any liens. Releasor further agrees to indemnify, defend and hold harmless Releasees and Releasees' attorneys, insurers and agents from any demands, suits, actions, or claims which may hereafter be asserted against Releasees arising out of reimbursement of a bill for medical expenses and/or damages of any kind, and specifically including any demands, judgments, interest, fines, penalties, attorneys' fees, court costs, suits or claims by CMS, Medicare, any assignee, subrogee, health insurer or lienholder of the Releasors for reimbursement of past or future medical expenses, disability benefits, Medicare or Medicaid benefits, Veteran's benefits, Workers' Compensation benefits and/or other expenses paid for the benefit of Releasor. This settlement agreement is based upon a good faith determination of the parties in order to resolve a questionable claim, and Medicare's interests have been considered in the agreement. Releasor acknowledges and understands that any present or future action or decision by CMS or Medicare on this settlement agreement or on Releasor's eligibility or entitlement to Medicare payments will not render this release void or ineffective or in any way affect the finality of this settlement.

1

Releasor hereby acknowledges that Releasees and their heirs, executors, successors, administrators and assigns have offered no tax advice with regard to the payment set forth herein, and Releasor shall be responsible for any federal, state or local taxes as may become due as a result of the payment referred to herein.

Releasor acknowledges that the claims released herein are contested by Releasees and that, notwithstanding any consideration paid in exchange for this Release, Releasees admit no negligence on their behalf or that of their agents, employees or medical and professional staffs.

IN WITNESS WHEREOF, we have hereunto set our hands and seals this _____ day of _____, 2019.

Signed, sealed and delivered
in the presence of:

_____(L.S.)          _____

                                       _____, **Releasor**

_____(L.S.)

STATE OF CONNECTICUT)
                                  )   ss:
COUNTY OF                         )

Personally appeared _____ signer and sealer of the foregoing instrument, and acknowledged the same to be her free act and deed, before me.

_____
Notary Public
My Commission Expires: